TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ARTURO A. AGUILAR
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: arturo.aguilar@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>    vs.<br><br>Roy Lee Cherry Jr.,<br><br>            Defendant. | CR 25-00604-TUC-JGZ (BGM)<br><br>GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS |

The United States of America, by and through its undersigned attorneys, respectfully submits this supplemental response to the defendant's Motion to Suppress Evidence ("Motion") (ECF No. 53).

On March 25, 2026, the Court held an evidentiary hearing regarding the defendant's motion to dismiss. (ECF No. 59). At the close of the proceedings, both parties presented argument to the court in support of their respective positions. The court inquired, and both parties agreed to submit supplemental briefing in support of their position. There was no specific instruction by the court to address a specific issue from either the pleadings or the hearing. As stated in both the response to the motion to suppress and the argument presented to the court, the Government would request that the defendant's motion to suppress be denied because he has failed to show that the sole ground of alleged "staleness" he raises justifies the suppression of the search warrant that was amply supported by probable cause, as the issuing magistrate judge properly determined. Further, the

suppression remedy he seeks is unwarranted when law enforcement acted in good faith in executing this facially valid search warrant.

Respectfully submitted this 3rd day of April, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

/s/ *Arturo A. Aguilar*

ARTURO A. AGUILAR
Assistant U.S. Attorney

**FACTS[1]:**

In addition to the facts previously submitted in the Government's Response, (ECF No. 57), the government presented the testimony from Alcohol Tobacco and Firearms (herein after "ATF") Special Agent Matthew Manoogian.  He was the agent who presented the search warrant to the Honorable Judge Maria Aguilera on June 2, 2023.  During the direct examination, he informed the Court of his training and experience; the facts he obtained during the course of this investigation, and the methods that were implemented in attempts to locate the defendant to successfully execute the search warrant.  During the cross examination, nothing was gained in addressing the staleness issue.  Outside the implication of evidence that was not observed or statements that may not have been accurate, the testimony from Agent Manoogian was accurately reflected in the warrant that was submitted and approved.

However, Agent Manoogian advised the court that during his 16-year career with ATF, he has been involved in approximately 250 investigations, both proactive and reactive during his career.  Agent Manoogian also testified that he has been part of approximately 80 applications for search warrants over that same period.  He also testified regarding specific dates, when information was received regarding the offense, steps taken to corroborate that information and techniques used to verify that the defendant was in fact the person who was involved in this offense.  What was quickly established via argument

---

[1] The Government had not ordered an expedited transcript of this hearing, therefore would differ to the transcript for specific statements made during the entirety of the hearing.

and testimony is the nature of this investigation required to find a potential offense date, which was going to be prior to the discovery of the defendant's identity.  A total of approximately 40-45 days had expired.  More specifically, from the time the defendant's location was determined to the execution of the search warrant was less than approximately 3 weeks. Up to the point when the GPS warrant was requested, the defendant's whereabouts were unknown.  In any event, information gathered during this investigation leading up the warrant was not stale.  And the date of the offense when the weapon was purchased, should the court consider the starting point, remains a reasonable time to assure the correct person was subject of the search warrant.

**LAW:**

The government will submit that the response filed for the supports a denial of the defense motion. Nonetheless, the following are emphasis to support the government's position.

"A magistrate judge's finding of probable cause is entitled to great deference, and this court will not find a search warrant invalid if the magistrate judge had a 'substantial basis' for concluding that the supporting affidavit established probable cause." *United States v. Clark,* 31 F.3d 831, 834 (9th Cir.1994), *cert. denied,* 513 U.S. 1119, 115 S.Ct. 920, 130 L.Ed.2d 800 (1995). Furthermore, "[i]n borderline cases, preference will be accorded to warrants and to the decision of the magistrate issuing it." *United States v. Terry,* 911 F.2d 272, 275 (9th Cir.1990).

The information in the affidavit was not stale. An affidavit must be based on facts " 'so closely related to the time of the issue of the warrant as to justify a finding of probable

cause at that time.' " *Duram v. United States,* 403 F.2d 190, 193 (9th Cir.1968) (quoting *Sgro v. United States,* 287 U.S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed. 260 (1932)). "We evaluate staleness in light of the particular facts of the case and the nature of the criminal activity and property sought." *United States v. Pitts,* 6 F.3d 1366, 1369 (9th Cir.1993) (internal quotation omitted). The information offered in support of the application for a search warrant is not stale if "there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises." *United States v. Gann,* 732 F.2d 714, 722 (9th Cir.1984).

A staleness claim must be evaluated by this Court "[i]n light of the particular facts of the case and the nature of the criminal activity and property sought." *United States v. Greathouse*, 297 F. Supp. 2d 1264, 1270 (D. Or. 2003). "[T]he mere lapse of substantial amounts of time is not controlling." *Greathouse*, 297 F.Supp.2d at 1270 (quoting *Lacy*, 119 F.3d at 745). Probable cause is not stale "if there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises." *United States v. Schesso*, 730 F.3d 1040, 1047 (9th Cir. 2013) (quoting *United States v. Lacy*, 119 F.3d 742, 745 (9th Cir. 1997)).

"[W]here an officer's opinion derived from his training and experience is supported by a proper foundation, the district court may properly rely on it in weighing whether to issue a warrant.". *United States v. Boudreau*, 154 F.4th 1132, 1140 (9th Cir. 2025).

The fruits of a search must not be invalidated if the police acted in good faith in executing a warrant even if it is later determined to be invalid. *United States v. Leon*, 468 U.S. 897 (1984). When the police obtain a warrant, they do what is constitutionally

required, and "it is vital that having done so, their actions should be sustained under a system of justice responsive to both the needs of individual liberty and to the rights of the community." *United States v. Ventresca*, 380 U.S. 102, 112 (1965).

**ANALYSIS**

In this case, ample probable cause supported the search warrant that the magistrate judge authorized, and in addition, law enforcement acted in good faith in executing this facially valid search warrant.

None of the defendants' arguments warrant a different outcome. The defense continued to rely *United States v. Grant*, 682 F.3d 827, 832 (9th Cir. 2012), however, because it appears the analysis on staleness appears to be fact specific, *Grant* is easily distinguishable.

The facts pointed out by the defense are not permitted to be viewed in vacuum. Each fact argued by the defense does not stand on its own, and when taken together, sufficient probable cause exists. For example, it is not enough to say there was not a "continuing pattern" when the standard is continuing pattern or other good reasons." *See Schlesco.* In this case, the other reasons include corroboration of facts and trying to locate the defendant. *Grant* cannot be interchanged with the defendant in this case. *Grant* is not applicable to this case at all.

**CONCLUSION**

The hearing confirmed that the facts presented in this search warrant: 1) support probable cause; 2) are not stale; 3) the training and experience of the affidavit was accurate in the results of the execution of the search warrant to include the fact the defendant used

a car registered to someone else, and had a cellphone where a third party was involved, albeit he had the financial responsibility.

The Honorable Judge Maria Aguilera issued this warrant, and it was a valid presentation of timely facts and sufficient probable cause.  This decision, after review, should be upheld and the defendant's motion denied.

Respectfully submitted this 3rd day of March, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

/s/ *Arturo A. Aguilar*

ARTURO A. AGUILAR
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 3rd day of March 2026, to:

Clay Hernandez, Esq.
Attorney for defendant